**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |
|---|---|
| DAVID AUGUSTUS MILLER, III, | ) |
| | ) |
| *Appellant,* | ) |
| | ) |
| v. | ) Civil Action No. 1:22-cv-901 (PTG/IDD) |
| | ) (Bankruptcy Case No. 21-11835) |
| THOMAS GORMAN, | ) |
| | ) |
| *Appellee.* | ) |
| | ) |

<u>**MEMORANDUM OPINION & ORDER**</u>

This matter comes before the Court on Debtor-Appellant David Augustus Miller, III's appeal from U.S. Bankruptcy Judge Brian F. Kenney's July 22, 2022 Order Denying Debtor's Motion for Reconsideration. Dkt. 1. On appeal, Mr. Miller contends that the Bankruptcy Court erred in failing to find that the trustee breached his fiduciary duties by not sufficiently communicating with Mr. Miller and erred in its application of law in finding that Mr. Miller's pawned property did not become property of the estate. Dkt. 10. The Court dispenses with oral argument because it would not aid in the decisional process. *See* Loc. Civ. R. 7(J); Fed. R. Civ. P. 78; Fed. R. Bankr. P. 8019(b)(3). This matter is now fully briefed and ripe for decision. *See* Dkt. 10 ("Appellant Br."); Dkt. 12 ("Appellee Br."); Dkt. 17 ("Appellant Reply").

For the reasons that follow, the Court affirms the Bankruptcy Court's March 3, 2022 Order of Dismissal and July 22, 2022 Order Denying Debtor's Motion for Reconsideration.

## I.     BACKGROUND

David Augustus Miller, III ("Mr. Miller" or "Appellant") filed his voluntary Chapter 13 Petition on November 3, 2021. Dkt. 2-1 (Appeal Record or "R.") at 1. Following the filing of his Petition, Mr. Miller's first Plan payment was due on December 3, 2021 to Thomas Gorman, the

trustee ("Mr. Gorman" or "Appellee"). R. at 4, 10; Dkt. 2-2 ("Hr'g Tr.") 3:12–15.[1]  After Mr. Miller failed to timely pay the first Plan payment, Mr. Gorman filed a Motion to Dismiss under 11 U.S.C. § 1307(c)(4). R. at 4, 10. Mr. Gorman simultaneously filed an Objection to Confirmation of Mr. Miller's proposed Plan, arguing that Mr. Miller's proposed plan was in violation of 11 U.S.C. § 1325(a)(6). R. at 4. The Bankruptcy Court scheduled these two matters for a hearing on January 13, 2022. R. at 4, 10–11. On the date of the hearing, Mr. Miller's first Plan payment posted, and Mr. Miller filed an Amended Plan, which he set for hearing on February 24, 2022. R. at 4, 30–37. In the Amended Plan, Mr. Miller listed "Tysons Watch and Jewelry" as a creditor. R. at 33, 35. On February 3, 2022, C Store, Inc. (dba Tysons Watch & Jewelry Exchange) filed an Objection to Confirmation of Mr. Miller's Amended Plan. R. at 5.

On February 24, 2022, the Bankruptcy Court held a hearing on Mr. Gorman's Motion to Dismiss and Objections to Confirmation to Mr. Miller's Plan, filed both by Mr. Gorman and by Tysons Watch & Jewelry Exchange ("Tysons Watch"). *Id.*; Hr'g Tr. 1:6–12.

At the hearing, Mr. Gorman argued that the Motion to Dismiss was filed due to Mr. Miller's failure to timely make his first Plan Payment. *Id.* at 3:12–15. Concerning the parties' Objections to Confirmation of Mr. Miller's Chapter 13 Plan, Mr. Gorman explained that he had "no one . . . to pay" because no parties had filed a Proof of Claim. *Id.* at 2:17–18; *see also id.* at 3:17–19. When Mr. Gorman had previously asked Mr. Miller for his reason for filing for Chapter 13 bankruptcy, Mr. Miller "said it was because of his troubles . . . with Tysons Watch and pawned jewelry. There was a dispute between him and them over some collateral that he had put up[.]" *Id.* at 2:22–25. Tysons Watch confirmed that Mr. Miller had pawned jewelry to them, to which Mr. Miller had forfeited his rights because Mr. Miller failed to redeem the pawned items within

---

[1] Under the Bankruptcy Code, the first payment is due "not later than 30 days after the date of the filing of the plan or the order for relief." 11 U.S.C. § 1326(a)(1).

sixty days, as required under the law. *Id.* at 4:23–5:11. Mr. Miller argued only that he had "not forfeited" and that he was "talking to a lawyer" about bringing an action in state court to retrieve his property. *Id.* at 6:9, 7:16–18.

The Bankruptcy Court found that it was "constrained by [11 U.S.C. §] 541, that [Mr. Miller] ha[d] not fulfilled [his] obligations under the Bankruptcy Code to redeem this property within the first sixty days of this case."[2] *Id.* at 7:24–8:2. As a result, the Bankruptcy Court dismissed the case "as groundless." *Id.* at 8:3.

On March 3, 2022, U.S. Bankruptcy Judge Klinette H. Kindred entered an Order of Dismissal, dismissing the proceedings pursuant to 11 U.S.C. § 1307. R. at 60–61. Mr. Miller subsequently filed three Motions for Reconsideration, *see* R. at 62–90, all of which were denied, R. at 8–9, 91–93. This Court now reviews the third and final Order Denying Mr. Miller's Motion for Reconsideration. R. at 91–93.

## II.     LEGAL STANDARD

Federal district courts are empowered to hear appeals from "final judgments, orders, and decrees" issued by the bankruptcy court. 28 U.S.C. § 158(a)(1). When considering an appeal from

---

[2] 11 U.S.C. § 541(b)(8) states, "Property of the estate does not include . . . any interest of the debtor in property where the debtor pledged or sold tangible personal property . . . as collateral for a loan or advance of money given by a person licensed under law to make such loans or advances, where (A) the tangible personal property is in the possession of the pledgee or transferee; (B) the debtor has no obligation to repay the money, redeem the collateral, or buy back the property at a stipulated price; and (C) neither the debtor nor the trustee have exercised any right to redeem provided under the contract or State law, in a timely manner as provided under State law and section 108)(b)[.]"

11 U.S.C. § 108(b) states, "[I]f applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor or an individual protected under section . . . 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) *60 days after the order for relief.*" *Id.* (emphasis added).

the bankruptcy court, the district court reviews the bankruptcy court's "factual findings for clear error and its legal conclusions *de novo*." *Shin v. Lee*, 550 F. Supp. 3d 313, 318 (E.D. Va. 2021) (citing *In re Taneja*, 743 F.3d 423, 429 (4th Cir. 2014)). When conducting *de novo* review, the appellate court applies the same standards of review that were applied in the court being reviewed. *See In re Merry-Go-Round Enters., Inc.*, 400 F.3d 219, 224 (4th Cir. 2005).

"An appeal of an order denying a motion to reconsider . . . can succeed only if the Court determines that the bankruptcy court erred twice: first, by entering the underlying order that the appellant sought to have reconsidered; and, second, by entering the order that failed to correct the underlying order." *David v. King*, 638 B.R. 561, 565 (E.D. Va. 2022). Thus, to consider the Bankruptcy Court's denial of Mr. Miller's post-judgment motion to reconsider its final judgment, this Court must review both the March 3, 2022 Order of Dismissal and the July 22, 2022 Order Denying Debtor's Motion for Reconsideration.

Reviewing the March 3, 2022 Order of Dismissal is also necessary to determine the standard of review that applies to this appeal. *Id.* at 566. Where the Court faces an appeal of a bankruptcy court order adjudicating a motion for reconsideration under Federal Rule of Civil Procedure 59, "the Court should review the appealed order . . . for abuse of discretion unless the underlying order to which the Rule 59 motion applies is a ruling on a pure question of law, in which case the Court should review the order denying reconsideration *de novo*." *Id.* (quoting *Hamlett v. Krippendorf*, 2002 WL 32882039, at *3 (W.D. Va. Mar. 21, 2002)); *see also In re Yankah*, 514 B.R. 159, 163–64 (E.D. Va. 2014) (determining whether the bankruptcy court's denial of a motion for reconsideration was an abuse of discretion); *In re Mitrano*, 409 B.R. 812, 815 (E.D. Va. 2009) ("A bankruptcy court's conclusions of law are reviewed *de novo*.").

4

Here, the March 3, 2022 Order of Dismissal dismissed Mr. Miller's proceedings pursuant to 11 U.S.C. § 1307(c). R. at 60. "A bankruptcy court 'retains broad discretion' to dismiss a bankruptcy case under 11 U.S.C. § 1307(c)." *Bristol v. Branigan*, , 2019 WL 4600304, at *3 (D. Md. Sept. 20, 2019) (citing *In re Jackson v. United States*, 131 F.3d 134 (Table), 1997 WL 746763, at *4 (4th Cir. Dec. 4, 1997) (per curiam)). Thus, a district court reviews a bankruptcy court's decision to dismiss under 11 U.S.C. § 1307(c) for abuse of discretion. *Parker v. United States*, 2007 WL 1374757, at *2 (E.D. Va. Mar. 2, 2007).

Finally, the Court notes that Mr. Miller is proceeding *pro se*, and so, the Court has read his brief in as liberal a fashion as possible. At the same time, Mr. Miller has "raised a litany of irrelevant and peripheral issues" in his brief. *Roberto v. Field*, 257 B.R. 420, 421 (D. Md. 2000). This Court disregards all extraneous issues and allegations raised in Mr. Miller's brief.

## III.   DISCUSSION

Mr. Miller presents two issues on appeal: whether the Bankruptcy Court (1) erred in its application of 11 U.S.C. § 1307, which led to the dismissal of Mr. Miller's bankruptcy proceedings on March 3, 2022; and (2) correctly applied the standard under Federal Rule of Civil Procedure 59 when considering Mr. Miller's third Motion for Reconsideration. Appellant Br. 3. The Court will address each issue on appeal in turn.

### A.   The Bankruptcy Court Did Not Abuse Its Discretion in Dismissing Mr. Miller's Case under 18 U.S.C. § 1307

Bankruptcy Code § 1307(c) "establish[es] a two-step analysis for dealing with questions of conversion and dismissal." *In re Nelson*, 343 B.R. 671, 675 (9th Cir. 2006). "First, it must be determined that there is 'cause' to act." *Id.* "Second, once a determination of 'cause' has been made, a choice must be made between conversion and dismissal based on the 'best interests of the creditors and the estate.'" *Id.* (quoting 11 U.S.C. § 1307(c)). On March 3, 2022, the Bankruptcy

Court correctly approached the question of dismissal through the two-step analysis of determining "cause" and then, weighing alternatives.

Section 1307(c) of "[t]he Bankruptcy Code designates items of 'cause' in a nonexclusive list[.]" *Id.*; *see also In re Kestell*, 99 F.3d 146, 148 (4th Cir. 1996). The Bankruptcy Court typically uses a "totality of the circumstances" test when determining whether to dismiss or convert a case under § 1307(c). *See, e.g., In re White*, 542 B.R. 762, 771 (Bankr. E.D. Va. 2015).

Here, the triggering event for dismissing Mr. Miller's bankruptcy proceedings was consideration of Mr. Gorman and Tysons Watch's Objections to Confirmation to Mr. Miller's Plan. At the February 22, 2022 hearing, Mr. Gorman and Tysons Watch explained the multiple issues with Mr. Miller's Chapter 13 Plan. Appellee Br. 1–3; Hr'g Tr. 2:15–18, 3:3–5, 3:17–24, 4:23–5:11, 6:19–21. First, no Proofs of Claim had been filed, so Mr. Gorman was left with no party to pay under the Chapter 13 Plan. Appellee Br. 1–2; Hr'g Tr. 2:17–18, 3:17–19, 4:16–17, 5:3, 5:11. Second, Tysons Watch exercised its right to forfeit Mr. Miller's pawned jewelry; thus, Mr. Miller's aim in filing a Chapter 13 Plan and retrieving his pawned property was permanently frustrated. Appellee Br. 2; Hr'g Tr. 4:22–5:7, 6:19–21. Accordingly, the Bankruptcy Court concluded that Mr. Miller's Chapter 13 Plan had "no purpose" and that his case was "groundless[,]" *id.* at 7:24–8:4.

In this instance, the requirements of 11 U.S.C. § 1307(c) are satisfied because the Bankruptcy Court determined that "cause" existed to deny confirmation of Mr. Miller's plan and afforded Mr. Miller the opportunity to either "convert th[e] case to . . . Chapter 7" or "refile a Chapter 7 case[.]" Hr'g Tr. 8:5–10. In addition, Mr. Miller could not have modified his Chapter 13 Plan to allow him to retrieve his pawned property because he, and the Bankruptcy Court, were constrained by Mr. Miller's failure to redeem the pawned property within the proper

time.  While Mr. Miller is proceeding *pro se*, proceeding *pro se* "does not excuse [Mr. Miller] from satisfying the duties and responsibilities imposed by the Bankruptcy Code on a Chapter 13 debtor." *In re Simmons*, 256 B.R. 578, 579 (D. Md. 2001), *aff'd*, 8 F. App'x 228 (4th Cir. 2001). Therefore, the Bankruptcy Court did not abuse its discretion when it dismissed this case under 11 U.S.C. § 1307(c).

### B.     The Bankruptcy Court Did Not Abuse Its Discretion in Denying Mr. Miller's Third Motion for Reconsideration

Mr. Miller argues that the Bankruptcy Court erred in denying his third Motion for Reconsideration because Mr. Gorman breached his fiduciary duties "by not communicating with [Mr. Miller]" and the pawned property became property of the estate and "was protected by the Automatic Stay Provisions" of 11 U.S.C. § 362.  Appellant Br. 7, 10.  A motion to reconsider results in a final order and may be granted to (1) "accommodate an intervening change in controlling law;" (2) "account for new evidence not available at trial;" or (3) "correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). "[R]elief is not appropriate on a motion to reconsider that simply 'ask[s] the Court to rethink what the Court had already thought through—rightly or wrongly.'" *David*, 638 B.R. at 567 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).  The Bankruptcy Court denied Mr. Miller's Rule 59(e) motion after concluding that Mr. Miller had not identified any "change in the law[,]" "presented any new and previously unavailable evidence," or "identified any legal error." R. at 92.

Here, Mr. Miller does not argue that the Bankruptcy Court "patently misunderstood" him or "made an error . . . of apprehension." *Above the Belt, Inc.*, 99 F.R.D. at 567.  Mr. Miller rehashes the argument about Mr. Gorman's alleged breach of his fiduciary duties that Mr. Miller previously made, stating that Mr. Gorman "created a manifest of injustice by not returning any of the phone

7

calls, in person visit, that [Mr.] Miller . . . made." R. at 86. This Court finds that the Bankruptcy Court did not abuse its discretion in denying Mr. Miller's Motion for Reconsideration on this ground because Mr. Miller failed to identify any new grounds for altering a prior judgment under Federal Rule of Civil Procedure 59.

Mr. Miller's argument concerning the Bankruptcy Court's alleged error related to the automatic stay provisions, *see* Appellant Br. 7, did not appear in Mr. Miller's third Motion for Reconsideration, aside from a request for relief, asking the Court to "[f]ind [Mr.] Gorman is in Contempt of Court for violating 11 U.S.C. § 362[.]" R. at 88. This argument did appear, in some form, in Mr. Miller's original Motion for Reconsideration for Dismissal, R. at 63, and Mr. Miller's Amended Motion for Reconsideration for Dismissal, R. at 68, 77. The Bankruptcy Court denied both Mr. Miller's original Motion for Reconsideration and the Amended Motion for Reconsideration. R. at 8. The Bankruptcy Court's first and second orders denying Mr. Miller's original and Amended Motions for Reconsideration are not before this Court. Litigating issues that were previously decided "by the district court but foregone on appeal or otherwise waived" is prohibited. *United States v. Bell*, 5. F.3d 64, 66 (4th Cir. 1993). This Court will not revisit Mr. Miller's argument concerning the automatic stay provisions, as such argument is not properly before this Court.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Bankruptcy Court's March 3, 2022 Order of Dismissal

and the July 22, 2022 Order Denying Debtor's Motion for Reconsideration are

**AFFIRMED**

It is **SO ORDERED.**

Dated: September 11, 2023
Alexandria, Virginia

Patricia Tolliver Giles
United ~~States District~~ Judge

9