IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DAVID AUGUSTUS MILLER, III, | ) |
| | ) |
| *Appellant*, | ) |
| | ) |
| v. | ) Civil Action No. 1:22-cv-901 (PTG/IDD) |
| | ) (Bankruptcy Case No. 21-11835) |
| THOMAS GORMAN, | ) |
| | ) |
| *Appellee*. | ) |

**MEMORANDUM OPINION & ORDER**

This matter comes before the Court on Debtor-Appellant David Augustus Miller, III's Emergency Motion for Reconsideration of this Court's order dismissing his appeal from U.S. Bankruptcy Judge Brian F. Kenney's July 22, 2022 Order. Dkt. 19. For the following reasons, the Court will deny the Emergency Motion for Reconsideration.

**I.    BACKGROUND**

As context for the Motion for Reconsideration, David Augustus Miller, III ("Mr. Miller" or "Appellant") filed his voluntary Chapter 13 Petition on November 3, 2021. Dkt. 2-1 (Appeal Record or "R.") at 1. On February 24, 2022, the Bankruptcy Court held a hearing on the Motion to Dismiss, filed by Mr. Gorman, the trustee, and Objections to Confirmation to Mr. Miller's Plan, filed both by Mr. Gorman and by Tysons Watch & Jewelry Exchange ("Tysons Watch"). R. at 5; Dkt. 2-2 ("Hr'g Tr.") 1:6–12.

At the hearing, Mr. Gorman explained that when he previously asked Mr. Miller for his reason for filing for Chapter 13 bankruptcy, Mr. Miller "said it was because of his troubles . . . with Tysons Watch and pawned jewelry. There was a dispute between him and them over some collateral that he had put up[.]" *Id.* at 2:22–25. Tysons Watch confirmed that Mr. Miller had

pawned jewelry to them, to which Mr. Miller had forfeited his rights because Mr. Miller failed to redeem the pawned items within sixty days, as required under the law. *Id.* at 4:23–5:11.

The Bankruptcy Court found that it was "constrained by [11 U.S.C. §] 541, that [Mr. Miller] ha[d] not fulfilled [his] obligations under the Bankruptcy Code to redeem this property within the first sixty days of this case." *Id.* at 7:24–8:2. As a result, the Bankruptcy Court dismissed the case "as groundless." *Id.* at 8:3; *see also* R. at 60–61. Mr. Miller subsequently filed three Motions for Reconsideration, *see* R. at 62–90, all of which were denied, R. at 8–9, 91–93.

On appeal, Mr. Miller contended that the Bankruptcy Court erred in failing to find that the trustee breached his fiduciary duties by not sufficiently communicating with Mr. Miller and erred in its application of law in finding that Mr. Miller's pawned property did not become property of the estate. Dkt. 10. After examining the parties' briefs, on September 11, 2023, the Court affirmed the Bankruptcy Court's March 3, 2022 Order of Dismissal and July 22, 2022 Order Denying Debtor's Motion for Reconsideration. Dkt. 18. On October 12, 2023, Mr. Miller filed the Emergency Motion for Reconsideration. Dkt. 19. The Court now considers the pending Motion.[1]

## II.   DISCUSSION

Mr. Miller does not identify the legal standard under which he brings his Motion for Reconsideration. As Mr. Miller is proceeding *pro se*, the Court construes his Motion as a request for a rehearing pursuant to Federal Rule of Bankruptcy Procedure 8022 or for reconsideration pursuant to Federal Rules of Civil Procedure 59(e), 60(b), or 60(d). *See Davis v. Fortune Inv. Enters.*, Nos. 3:20-cv-78, 3:20-cv-79, 2020 WL 3052862, at *2 (E.D. Va. June 8, 2020).

---

[1] In this Motion, Mr. Miller states that his Amended Emergency Response "is still pending before this Court." Dkt. 19 at 1. Mr. Miller's Amended Emergency Response was filed on August 28, 2023, *see* Dkt. 17, and expressly considered by the Court in its Order dismissing Mr. Miller's appeal, *see* Dkt. 18 at 1.

2

"Under Rule 8022, a motion for rehearing must be filed within fourteen days after entry of judgment." *Id.* (citing Fed. R. Bank. P. 8022(a)(1)). The Court entered its Order dismissing Mr. Miller's appeal on September 11, 2023. Dkt. 18. In his Motion, Mr. Miller asserts that he did not receive the Court's Order until September 12, 2023. Dkt. 19 at 2. Assuming Mr. Miller's statement is true, any motion for rehearing under Rule 8022 had to be filed by September 26, 2023. Mr. Miller's Motion was filed on October 12, 2023. *See* Dkt. 19. Thus, Mr. Miller's Motion must be denied as it was not filed within the required time period.

Even if Mr. Miller's Motion had been timely filed, it would still be denied because he does not satisfy the requirements of Federal Rules of Civil Procedure 59(e), 60(b), or 60(d). *See Gillis v. Wells Fargo Home Mortg.*, 806 F. App'x 250, 250 (4th Cir. 2020) (per curiam) (affirming a district court's use of these Federal Rules of Civil Procedure as the standard for evaluating a motion for a rehearing under Rule 8022).

The Fourth Circuit has recognized three situations in which it is appropriate to amend an earlier judgment under Federal Rule of Civil Procedure 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). Rule 60(b) allows a court to relieve a party from a final order for:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). And finally, Rule 60(d) permits a court to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3).

In his Motion, Mr. Miller fails to identify any factual or legal errors that require correction, a change in the controlling law, or new evidence. Mr. Miller only argues that Mr. Gorman "failed to show cause as to why he did not timely file his brief per the scheduling order[.]" Dkt. 19 at 2. On May 23, 2023, the Court ordered Mr. Gorman to show cause within fourteen days, given that he had failed to file his response brief within thirty days from service of Mr. Miller's brief. Dkt. 11 at 1. Mr. Gorman subsequently filed his response brief within fourteen days, thus satisfying the Court's Order. *See* Dkt. 12. The Court also notes that Mr. Miller himself petitioned the Court to extend his deadline to file his initial brief twice, *see* Dkts. 4, 6, and to extend his deadline to file his reply brief twice, *see* Dkts. 13, 15. In any event, Mr. Gorman's delay in filing a response brief does not amount to a reason that justifies the relief Mr. Miller seeks and Mr. Miller does not provide law to the contrary.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Mr. Miller's Emergency Motion for Reconsideration (Dkt. 19) is **DENIED**; and it is further

**ORDERED** that the hearing on Mr. Miller's Emergency Motion for Reconsideration (Dkt. 19), which is currently scheduled for Thursday, November 9, 2023, is **TERMINATED**.

Dated: November 3, 2023
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge