IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | | |
|---|---|---|
| DAVID AUGUSTUS MILLER, III, | ) | |
| | ) | |
| *Appellant,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:22-cv-901 (PTG/IDD) |
| | ) | (Bankruptcy Case No. 21-11835) |
| THOMAS GORMAN, | ) | |
| | ) | |
| *Appellee.* | ) | |
| | ) | |

## MEMORANDUM OPINION & ORDER

This matter comes before the Court on Debtor-Appellant David Augustus Miller, III's

Second Emergency Motion for Reconsideration of this Court's order dismissing his appeal from

U.S. Bankruptcy Judge Brian F. Kenney's July 22, 2022 Order. Dkt. 22. For the following

reasons, the Court will deny the Second Emergency Motion for Reconsideration.

### I.   BACKGROUND

The Court has already described the history of this matter at length in prior orders. *See*

Dkt. 21 at 1–2.

### II.   DISCUSSION

Although it is not entirely clear, Mr. Miller appears to identify Federal Rule of Civil

Procedure 59(e)[1] as the legal standard under which he brings his Motion for Reconsideration. *See*

Dkt. 22 at 2. As Mr. Miller is proceeding *pro se*, the Court thus construes his Motion as a request

for reconsideration pursuant to Federal Rules of Civil Procedure 59(e). *See Davis v. Fortune Inv.*

---

[1] Mr. Miller specifically identifies "Federal Rule of Civil Procedure 59(e)(3)" as the proper legal standard under which he brings his second Motion for Reconsideration. *See* Dkt. 22 at 2. Because Rule 59(e)(3) does not exist, the Court assumes Mr. Miller intended to identify Rule 59(e).

*Enters.*, Nos. 3:20-cv-78, 3:20-cv-79, 2020 WL 3052862, at *2 (E.D. Va. June 8, 2020).   Mr. Miller's instant Motion does not satisfy the requirements of Rule 59(e).

The Fourth Circuit has recognized three situations in which it is appropriate to amend an earlier judgment under Federal Rule of Civil Procedure 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).

Mr. Miller first rehashes the argument he previously made in the first Motion for Reconsideration, that "Appellee[, Mr. Gorman, the trustee,] without any cause shown filed his brief" after it was due, thereby "ignor[ing] the Federal Rules of Appellate Procedure[.]" Dkt. 22 at 1–2. The Court already addressed this argument in its prior Order, *see* Dkt. 21 at 4, and will not do so again.

Mr. Miller also argues that Mr. Gorman "misrepresented the facts" as to his Chapter 13 bankruptcy and denies that he filed his bankruptcy based on the dispute with Tyson's Watch and Jewelry. *See* Dkt. 22 at 2. Mr. Miller claims that this "intentional misrepresentation" has deprived him of "receiving his due process[.]" *Id.*   Lastly, Mr. Miller argues that Mr. Gorman "failed to collect any property of the estate" during the pendency of the case and that any funds received "should be sanctioned." *Id.* at 3. These arguments fail to identify any factual or legal errors that require correction, a change in the controlling law, or new evidence. Indeed, all of these arguments could have been made on February 24, 2022, the day on which the Bankruptcy Court held a hearing on the Objections to Confirmation of Mr. Miller's Bankruptcy Plan. *See* Dkt. 21 at 1 (citing Dkts. 2-1 at 5, 2-2 at 1:6–12). These arguments do not "account for new evidence" nor do they

2

point to "a clear error of law[,]" *Ingle*, 439 F.3d at 197, and thus, this Court is unable to reconsider its earlier Order pursuant to Federal Rule of Civil Procedure 59(e).

### III.   CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Mr. Miller's Second Emergency Motion for Reconsideration (Dkt. 22) is **DENIED**.

Dated: December 11th, 2023
Alexandria, Virginia

Patricia Tolliver Giles
United States District Judge

3